Ingber & GELBER, LLP
Mark J. Ingber (MI-9098)
181 Millburn Avenue-Suite 202
Millburn, New Jersey 07041
Tel: (973) 921-0080
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
------------------------------------x
GARY SCHAEFFER,                      :
                                     :
                                     :
        Plaintiff,                   :
                                     :
    vs.                              : Civil Action No. 07cv9607
                                     :
                                     :
                                     :
LIGHTYEAR ENTERTAINMENT, LP,         :
ARNOLD HOLLAND, DON SPIELVOGEO AND
JOEL KAPLAN.                         :
        Defendants,                  :
                                     :
                                     :
------------------------------------x

## COMPLAINT

Plaintiff Schaeffer (hereinafter "Schaeffer") through his attorneys, complaining of Defendants, LIGHTYEAR ENTERTAINMENT, LP, ARNOLD HOLLAND, DON SPIELVOGEO and JOEL KAPLAN.DEFENDANTS, INC. alleges as follows:

## THE PLAINTIFF

1. Plaintiff Schaeffer is an individual residing at 2025 Broadway, NY, NY 10023.

## BUSINESS ENTITY DEFENDANTS

### Entity

2. Upon information and belief, Defendant Lightyear Entertainment LP is a partnership organized and existing under the laws of the State of New York, having an office and place of business at 434 Avenue of the Americas, New York, New York.

3. Upon information and belief, Defendant Lightyear Entertainment LP is in the business of production and distribution of audio and video products, music videos and fitness videos.

### Owners/Partners

4. Upon information and belief, Defendants Arnold Holland, Don Spielvogeo and Joel Kaplan are, and at all relevant times were, officers, directors, partners, and/or shareholders of Lightyear Entertainment LP and own, operate, and/or otherwise control Lightyear Entertainment LP.

5. Upon information and belief, Defendants Arnold Holland, Don Spielvogeo and Joel Kaplan: (a) are personally responsible for the daily management, operation, and financial control of Lightyear Entertainment LP; (b) personally participated in and/or had the right and ability to supervise, direct, and control the infringing activities alleged in this Complaint; and (c) have a direct financial interest in such infringing activities.

6. Upon information and belief, Defendants Arnold Holland, Don Spielvogeo and Joel Kaplan reside in and/or transact substantial business in this District (hereinafter Arnold Holland, Don Spielvogeo, Joel Kaplan and Lightyear Entertainment LP will collectively be referred to as "Lightyear" and/or "Defendants").

## NATURE OF ACTION

3. This is an action for copyright infringement, arising under the Copyright Laws of the United States, 17 U.S.C. 101 et seq., and unfair competition arising under the statutes and common laws of the State of New York.

## SUBJECT MATTER JURISDICTION

4. Jurisdiction over the subject matter of Counts I-II of the Complaint is vested in the United States District Court pursuant to 17 U.S.C. 501 et seq. [the Copyright Act of 1976], 28 U.S.C. 1331 [General Federal Question Jurisdiction].

5. Jurisdiction over the subject matter of Count II is vested in the United States District Court pursuant to 28 U.S.C. 1338(b) [Statutory Pendent Jurisdiction] and 28 U.S.C. 1367 [Supplemental Jurisdiction].

IN PERSONAL JURISDICTION

6. Jurisdiction over the person of the Defendant is vested in the United States District Court for the Federal Judicial District of New York, Southern District, by virtue of (1) Defendants' presence within the State and (2) Defendants' specific presence within the State due to the manufacture, production, shipment, distribution and sale of the subject matter of this complaint in this State.

VENUE

7. Venue over the within cause is proper in the Federal Judicial District of New York, Southern District, pursuant to 28 U.S.C. 1391(b) and (c) and because Defendants transact business within this district.

FACTS COMMON TO ALL COUNTS

8. Since at least as early as 1971 Plaintiff has been buying, selling and collecting sports and entertainment memorabilia, historical documents, autographs, photographs, souvenirs and other novelties.

9. Since January 25, 2001, Schaeffer has been and is the owner of the sixteen (16) original negative photographs of the world famous rock and roll singing group, The Beatles, taken by the famed photographer Albert Marrion. The copyrighted photos from a December 1961 photo session shot

4

by Albert Marrion, are believed to be the first publicity shots taken of the young Beatles after Brian Epstein became their manager. (hereinafter "The Albert Marrion Beatles Photos"). True and correct copies of Plaintiff's Copyrighted photos are attached as Exhibit A.

10. The Albert Marrion Beatles Photos contain original expressions of art, and have been registered since October 19, 2001 with the United States Copyright Office under the Title "FIRST PROFESSIONAL PHOTO SESSION OF ALBERT MARRION" under Reg. No. VA1-080-163 . A true and correct copy of the registration certificate is attached as Exhibit B.

11. Since October, 2001, Schaeffer has distributed displayed, advertised and exclusively sold high quality reproductions of The Albert Marrion Beatles Photos.

12. Schaeffer has successfully and exclusively profited from the reproduction of The Albert Marrion Beatles Photos market for nearly two (2) years. The Albert Marrion Beatles Photos have been marketed, advertised, and displayed by Schaeffer on the internet on EBAY and have been featured in trade shows. Since October, 2001 Schaeffer has spent considerable sums in promoting The Albert Marrion Beatles Photos.

## COUNT I

## COPYRIGHT INFRINGEMENT

13. Schaeffer repeats and re-alleges paragraphs 1-12 of this Complaint as if fully set forth herein.

14. The Albert Marrion Beatles Photos are wholly original works of art owned by Schaeffer and are copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. 101 et seq.

15. Schaeffer has duly complied with the provisions of the Copyright Laws of the United States. He has secured the exclusive rights and privileges in and to the "THE ALBERT MARRION BEATLES PHOTOS" and has received from the Register of Copyrights, Registration Certificate No. VA1-080-163, pertaining to original artwork under the Title "First Professional Photo Session of Albert Marrion" (referenced above as Exhibit B).

16. Recently, Schaeffer discovered that Defendants have been reproducing, publicly distributing, displaying and offering for sale on the internet and elsewhere, a documentary DVD entitled BEST OF THE BEATLES, which is replete with many of The Albert Marrion Beatles Photos,

6

which Mr. Schaeffer has registered with the U. S. Copyright Office.

17. Defendants' photos are substantially similar to and were copied from Plaintiff's copyrighted Work.

18. On or about September 27, 2007, Plaintiff served Defendant with a cease and desist letter, demanding that Defendant immediately terminate its unlawful activities. Plaintiff has repeated its cease and desist warnings to Defendant on numerous occasions.

19. Notwithstanding Plaintiff's warnings to cease and desist, upon information and belief, Defendants have continued their unlawful, infringing activities, and have refused to discontinue their infringing use, thereby necessitating the filing of this action to recover damages and stop Defendants' infringing conduct.

20. All of Defendants' acts, as set forth in the preceding paragraphs, are without permission, license or consent of Plaintiff.

21. Schaeffer has no adequate remedy at law and has suffered and is continuing to suffer irreparable harm and

damage as a result of the aforesaid acts of Defendants complained of herein.

## COUNT II

### STATE STATUTORY AND COMMON LAW UNFAIR COMPETITION

22. Schaeffer repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint as if fully set forth herein.

23. Defendants' aforesaid acts have caused and are intended to cause confusion and deception to the public in that they have caused and are likely to continue to cause the public to erroneously believe that Defendants' infringing photos products are authorized reproductions of Plaintiffs' The Albert Marrion Beatles Photos, or are produced by Schaeffer or with the authority of Schaeffer, or that Defendants are sponsored by or otherwise associated with Schaeffer.

24. Upon information and belief, Defendants' acts of unfair competition, as aforesaid, have been and continue to be willful and deliberate and with the full knowledge of Schaeffer's prior use and ownership of The Albert Marrion Beatles Photos, and with the intent of deceiving the public at Schaeffer's expense and the public's loss, and has caused confusion in the trade and in the minds of the purchasing

public. Such acts constitute unfair competition and passing off under Sections 349, 350 and 360 of the New York General Business Law, and under the common laws of the State of New York and other states.

25. Schaeffer has no adequate remedy at law and has suffered and is continuing to suffer irreparable harm and damage as a result of the aforesaid acts of Defendants complained of herein. Unless restrained by this Court, Defendants' acts will continue and will irreparably harm, damage and injure the public as well as Schaeffer.

**WHEREFORE, PLAINTIFF SCHAEFFER DEMANDS:**

A. That Defendants, their directors, officers, agents, servants, employees, related companies, parent companies, subsidiaries, licensees, assigns, and all parties in privity with them, be preliminarily and permanently enjoined from using Plaintiff's The Albert Marrion Beatles Photos, which usage infringes the copyright of Schaeffer, in any manner including but not limited to, manufacturing, printing, reproducing, reprinting, publishing, vending, publicly distributing, selling, displaying, promoting, or advertising on the internet or elsewhere, any infringing copies thereof, or any other copies of the copyrighted works, or by causing and/or participating in such

manufacturing, printing, reprinting, publishing, vending, distributing, displaying, selling, promoting, or advertising.

B. That Defendants be required to deliver up to the court to be impounded during the pendency of this action, all infringing copies of The Albert Marrion Beatles Photos and any DVDs utilizing the same in their possession or control.

C. That Defendants file with this Court and serve upon Plaintiff within thirty (30) days after service of the injunction demanded above, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

D. That Defendants be preliminarily and permanently enjoined from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities enumerated in paragraph A.

E. That Defendants issue a written notice to all of their customers to whom they have has sold or offered for sale any DVDs or other media using The Albert Marrion Beatles Photos and any colorable imitations thereof, which states that said photos were not endorsed, approved, manufactured or authorized by Schaeffer, the registered copyright owner of the copyrighted work.

F. That Defendants be required to account pursuant to 17 USC 504 and 15 USC 1117 for Plaintiff's losses and Defendants' profits derived from advertising, promoting, marketing, purchasing, distributing, displaying, selling, offering to sell DVDs depicting The Albert Marrion Beatles Photos.

G. That Defendants be ordered to pay statutory damages for willful copyright infringement in an amount of not less than $150,000 per copyrighted work infringed;

H. That said amount to be trebled and exemplary damages be awarded in view of Defendants' believed intentional acts of infringement.

G. Awarding to Schaeffer the full costs of this action and reasonable attorney's fees.

H. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY

A trial by jury is hereby demanded on all issues so triable.

INGBER & GELBER, LLP

S/MARK J. INGBER
By: Mark J. Ingber, Esq. (MI 9098)

181 Millburn Avenue-Suite 202
Millburn, New Jersey 07041
Tel: (973) 921-0080
Attorneys for Plaintiff

DATED:   October 22, 2007
         Millburn, New Jersey