UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY SCHAEFFER,

           Plaintiff,

v.

LIGHTYEAR ENTERTAINMENT, LP, ARNOLD HOLLAND, DON SPIELVOGEO AND JOEL KAPLAN,

           Defendants.

Civil Action No. 07-CV-9607 (JSR)

**ANSWER AND COUNTERCLAIMS**

Filed by ECF

Defendants Lightyear Entertainment, LP ("Lightyear"), Arnold Holland ("Holland"), Don Spielvogel, incorrectly sued herein as Don Spielvogeo ("Spielvogel") and Joel Kaplan ("Kaplan") (collectively, "Defendants"), by their undersigned counsel, as and for their Answer to the Complaint dated October 29, 2007 filed herein by Plaintiff Gary Schaeffer ("Schaeffer"), hereby allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

2. Admit.

3. Admit.

4. Deny, except note the proper spelling of Don Spielvogel and except admit that Arnold Holland and Joel Kaplan are and at all relevant times were officers of Lightyear and have participated in activities which constitute part of the operation of Lightyear and except admit that Arnold Holland is and at all relevant times was a partner of Lightyear and has participated in activities which constitute part of the ownership and control of Lightyear.

5. To the extent Paragraph 5 contains allegations of law, we are not required to respond. To the extent Paragraph 5 contains allegations of fact, deny, except admit that Defendants Arnold Holland and Joel Kaplan each participate in activities which constitute part of daily management, operation and financial control of Lightyear.

6. Admit.

[To follow the numbering of the Complaint, the paragraphs hereof now resume at Number 3]

3. Contains only allegations of law which require no response.

4. Contains only allegations of law which require no response.

5. Contains only allegations of law which require no response.

6. Contains only allegations of law which require no response.

7. Contains only allegations of law which require no response.

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. Admit.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. Defendants re-allege their responses to paragraphs 1-12.

14. Admit, except deny that The Albert Marrion Beatles Photos are owned by Schaeffer.

15. Deny, except admit that Schaeffer obtained Copyright Registration VA1080163 from the United States Copyright Office.

16. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admit that Defendants have been distributing and offering for sale a documentary DVD entitled "Best of the Beatles".

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Defendants re-allege their responses to paragraphs 1 through 21.

23. Deny.

24. Deny.

25. Deny.

First Affirmative Defense

26. Plaintiff's claims are barred because Plaintiff's claimed copyright registration is ineffective, defective or inapplicable, or was improperly obtained.

Second Affirmative Defense

27. Plaintiff's claim for statutory damages under the Copyright Act is barred by the plain language of same, since, inter alia, the acts complained of were authorized by the copyright owner.

Third Affirmative Defense

28. Plaintiff's complaint fails to set forth any claim upon which relief may be granted.

### Fourth Affirmative Defense

29. Plaintiff's claims are barred in whole or in part by statutes of limitations.

### Fifth Affirmative Defense

30. Plaintiff's claims are barred by the doctrines of laches, estoppel, misuse, failure to mitigate, waiver, acquiescence, assumption of risk, and unclean hands.

### Sixth Affirmative Defense

31. If and to the extent that Defendants are found to have infringed Plaintiff's alleged copyright, Defendants were innocent copyright infringers.

### Seventh Affirmative Defense

32. Plaintiff's state law claims are preempted by federal law.

### Eighth Affirmative Defense

33. Use by Defendants of any elements of Plaintiff's claimed work, if any, is de minimis and fair use.

### Ninth Affirmative Defense

34. Plaintiff lacks standing.

### Tenth Affirmative Defense

35. Plaintiff is not entitled to injunctive relief as monetary relief sufficiently may remedy any actionable harm alleged.

### Eleventh Affirmative Defense

36. The injunctive relief sought is overbroad.

### Twelfth Affirmative Defense

37. The Complaint fails to state facts sufficient for Plaintiff to recover treble or exemplary damages.

Thirteenth Affirmative Defense

38. The Complaint fails to set forth a statutory basis for seeking treble or exemplary damages.

Fourteenth Affirmative Defense

39. Plaintiff lacks capacity to sue.

Fifteenth Affirmative Defense

40. If the allegations in the Complaint are true, which Defendants deny, then any damages, if any, purportedly suffered by Plaintiff were not proximately caused by Defendants' alleged conduct.

Sixteenth Affirmative Defense

41. The copyright in the allegedly infringed work was forfeited.

42. Defendants reserve the right to amend their answer and defenses and/or to assert additional defenses upon completion of investigation and discovery.

**FIRST COUNTERCLAIM**

(Cancellation of Invalid Copyright Registration)

43. Defendants repeat and reallege the responses in paragraphs 1 through 42 as if fully set forth herein.

44. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

45. Plaintiff has alleged herein that Defendants have infringed certain copyright protected works consisting of 16 photographs of the singing group "The Beatles" taken by photographer Albert Marrion (the Photographs).

46. Plaintiff further alleges he purchased negatives of the Photographs.

{A061188.DOC/4}

47. Plaintiff alleges that by virtue of such purchase, he obtained ownership of federal copyright in the Photographs.

48. Plaintiff maintains that by reason thereof, he is entitled to registration of copyright in the Photographs. Complaint, ¶10.

49. Upon information and belief, this registration is invalid and should be cancelled because Plaintiff merely purchased photographic negatives, and is not the valid copyright owner to the works contained therein.

50. Plaintiff purchased only the negatives of the Photographs but there was no valid transfer of any copyright.

51. Upon information and belief, the photo shoot that generated the Photographs was commissioned by the Beatles manager, Brian Epstein, on behalf of The Beatles in 1961. Under the relevant UK Copyright Act of 1956 in effect at the time, The Beatles are the valid copyright owners of the Photographs.

52. Upon information and belief, the original owners of the Photographs have not assigned or transferred their copyright ownership in and to the Photographs. Peter Best, one of the original members of The Beatles and currently a principal of the company that produced the documentary DVD entitled "Best of the Beatles", approved the use of the Photographs for inclusion in the DVD, which Plaintiff references as the source of the alleged infringement. Complaint ¶16.

53. Plaintiff's registration of the Photographs is not valid as Plaintiff is not and never has been the rightful copyright owner.

54. Defendants are being damaged and will continue to be damaged by Plaintiff's registration of the alleged copyright in the Photographs.

55. The continued existence of Plaintiff's certificate of registration for the Photographs would be inconsistent with, and in derogation of, the purpose of the Copyright Act and, therefore, would cause damage to Defendants.

### SECOND COUNTERCLAIM
(Declaratory Judgment of Non-infringement of Copyright)

56. Defendants repeat and reallege the responses in paragraphs 1 through 55 as if fully set forth herein.

57. Plaintiff has alleged herein that Defendants' have infringed its copyright in the Photographs.

58. As a result of Plaintiff's claims and Defendants' denial of said claims, an actual justiciable controversy exists between the parties.

59. Declaratory relief is necessary and appropriate at this time to avoid multiplicity of lawsuits and circuity of actions and in order that Defendants may ascertain its rights and duties.

60. Defendants have no other existing, speedy or proper remedy.

**WHEREFORE,** Defendants respectfully request the following relief:

1. That the Complaint be dismissed in its entirety and judgment entered herein in favor of Defendants;

2. Cancellation of the certificate of registration in the Copyright Office for "First Professional Photo Session of Albert Marrion";

3. Judgment in favor of Defendants and against Plaintiff on the counterclaim for declaratory judgment; and specifically that this Court enter judgment declaring that the Defendants do not infringe on Plaintiff's rights in and to the Photographs and that Defendants have not engaged in any copyright infringement in violation of any of Plaintiff's rights;

4. That Plaintiff be compelled to pay Defendants' attorneys fees and costs in connection with this Action; and

5. For all other and further relief which to this Court may seem proper.

Dated: New York, New York
January 14, 2008

          COWAN, DeBAETS, ABRAHAMS &
          SHEPPARD LLP

By:    /s/
     Toby M. J. Butterfield (TB-8599)
     Zehra J. Abdi (ZA-7035)

41 Madison Avenue, 34th Floor
New York, New York 10010
Tel.: (212) 974-7474

*Attorneys for Defendants Lightyear Entertainment, LP, Arnold Holland, Don Spielvogel s/h/a Don Spielvogeo and Joel Kaplan*

{A061188.DOC/4}

8